UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AUSTIN BUTTARS,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON MARK, LLC,<br><br>Defendant. | Case No. 1:26-cv-00148-DKG<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court in the above entitled matter are Plaintiff's Motion to Relate and Consolidate and Defendant's Motion to Transfer Venue. (Dkt. 6, 9). The motions are fully briefed and ripe for the Court's consideration. Having reviewed the submissions and entire record, the Court finds the facts and legal arguments are adequately presented and that oral argument would not significantly aid its decision-making process and, therefore, the motions will be decided on the record. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons that follow, the Court will deny the motion to relate and consolidate, and will grant the motion to transfer venue.[1]

---

[1] The parties have consented to proceed before a United States Magistrate Judge in this matter pursuant to 28 U.S.C. § 636(c)(1) and Local Civil Rule 72.1(a)(1). (Dkt. 14).

ORDER - 1

## BACKGROUND

### 1.  Factual Background

This lawsuit involves Plaintiff Austin Buttars' claims that Defendant, Johnson Mark LLC, violated certain provisions of the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, (FDCPA) through its actions to collect on an alleged debt of $2,591.47 owed by Plaintiff to another entity, Portfolio Recovery Associates, LLC (PRA). (Dkt. 1). Johnson Mark is a limited liability company registered in the State of Utah with its principal office located in Salt Lake City, Utah. Plaintiff is a resident of Idaho Falls, Idaho.

The facts giving rise to the claims in this case are that on July 7, 2025, Johnson Mark sent a debt collection letter addressed to Plaintiff, but mailed to Plaintiff's sister, Rilee Buttars, at her residence in Salt Lake City, Utah. (Dkt. 1, Complaint at ¶ 6). Prior to sending the letter, between April 2025 and July 2025, Johnson Mark attempted to contact Rilee Buttars via telephone multiple times in connection with the alleged debt. (Dkt. 1, Complaint at ¶ 8). On July 15, 2025, Plaintiff's counsel sent a demand letter to Johnson Mark requesting "immediate cessation of all collection efforts." (Dkt. 1, Complaint at ¶ 11). Johnson Mark did not respond to the demand letter. Plaintiff alleges that Johnson Mark was acting as an agent for PRA in its efforts to collect on the debt and, on August 19, 2025, filed a lawsuit in Idaho state court on behalf of PRA without ceasing communications or notifying Austin Buttars of its intent to pursue legal action. (Dkt. 1, Complaint at ¶¶ 4, 12). Consequently, on March 16, 2026, Plaintiff filed the Complaint in this action against Johnson Mark raising five counts of violations of the FDCPA.

ORDER - 2

## 2.  Procedural Background

On August 19, 2025, PRA filed a debt collection lawsuit against Austin Buttars in Idaho state court, raising state law claims to recover the alleged debt of $2,591.47. Buttars filed an Answer and Counterclaims against PRA and also sought to assert third-party claims against Johnson Mark. The counterclaims and third-party claims alleged violations of the FDCPA. On March 2, 2026, the state court Magistrate Judge, Stephen J. Clark, denied Austin Buttar's motion for leave to serve a third-party complaint on Johnson Mark as procedurally improper, and dismissed without prejudice Buttars' claims against Johnson Mark. (Dkt. 6, Ex. B). Judge Clark directed Buttars to file a new, separate complaint against Johnson Mark and, thereafter, to move for consolidation of the cases pursuant to Idaho Rule of Civil Procedure 42(a).

On February 27, 2026, Buttars filed a new lawsuit in Idaho state court against Johnson Mark asserting five causes of action under the FDCPA. (Dkt. 1). On March 16, 2026, Johnson Mark removed the case to this Court based on federal question jurisdiction under 28 U.S.C. § 1331. (Dkt. 1). Thereafter, the parties filed the motions presently pending before the Court.

### DISCUSSION

## 1.  Motion to Relate and Consolidate

Buttars moves to relate and consolidate this case with the state-court action brought by PRA pending before Judge Clark or, alternatively, asks this Court to exercise supplemental jurisdiction and coordinate all proceedings pursuant to Federal Rule of Civil Procedure 42(a) and 28 U.S.C. § 1367. (Dkt. 6, 11). The bases for the motion is that

ORDER - 3

the dispute underlying the cases arise from a single debt-collection transaction and involved the same facts, witnesses, exhibits, and FDCPA violations; and Judge Clark's Order directing Buttars to file a new lawsuit and move for consolidation. Johnson Mark opposes the motion, arguing consolidation and the exercise of supplemental jurisdiction are procedurally improper in this context and that the two cases are factually and legally distinct. (Dkt. 8). The Court finds as follows.

### A. Legal Standard

Under Rule 42(a), the court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). District courts are afforded broad discretion under Rule 42(a) to consolidate cases pending in the same district. *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855-56 (9th Cir. 2016). In determining whether to consolidate actions, courts evaluate "the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Paxonet Communications, Inc. v. TranSwitch Corp.*, 303 F.Supp.2d 1027, 1028-29 (N.D. Cal. 2003) (citation omitted).

Federal Courts are courts of limited jurisdiction that possess only the power authorized by the Constitution and statute. *Rasul v. Bush*, 542 U.S. 466, 489 (2004). The Court's ability to exercise supplement jurisdiction is governed by 28 U.S.C. § 1367(a), which states: "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," including "claims that involve the joinder or intervention of

ORDER - 4

additional parties." Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," and in diversity actions. 28 U.S.C. §§ 1331, 1332.

### B. Analysis

Both consolidation and supplemental jurisdiction are procedurally improper and inapplicable in the context asserted here by Plaintiff. Rule 42(a) does not allow the Court to consolidate this case with a case separately filed and pending in state court. Simply put, "this Court has no jurisdiction over state court cases and cannot consolidate such actions with a federal action." *Watkins v. County of Los Angeles Cal.*, 2024 WL 3915206, at *1 (C.D. Cal. May 29, 2024) (citing *Or. Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972) ("Rule 42 applies to cases that are properly before the same court."); *Norman v. Celgene Corp.*, 2008 WL 11339102, at *1 (C.D. Cal. July 31, 2008) ("Rule 42(a) ... cannot be used by a federal court to consolidate an action pending before it with a state court action.")). "Rule 42(a) only permits consolidation of cases '*before the court.*" It does not, however, enable the Court to consolidate its federal court case with a case filed in state court, even if there is common parties and subject matter." *Knight v. County of Mohave*, 2025 WL 2996801, at *8 (D. Ariz. Oct. 24, 2025) (emphasis in original, citations omitted).

Rather, the appropriate method for bringing a state court case into federal court is removal under 28 U.S.C. § 1441. Notably, Buttars sought to remove the separate state court case, but later agreed that removal was improper due to a lack of federal subject matter jurisdiction and the case was remanded. *Portfolio Recovery Associates LLC v.*

ORDER - 5

*Buttars*, 4:25-cv-00534-BLW (Dkt. 6). Thus, the separate case Buttars seeks to consolidate or relate to this lawsuit, remains a state court action over which this Court has no jurisdiction. Buttars' assertion of supplemental jurisdiction therefore also fails, as the Court can only exercise supplement jurisdiction over claims that are part of the same case or controversy in which the Court has original jurisdiction. *See e.g., Perez v. City of Los Angeles*, 2023 WL 8113258, at *2 (C.D. Cal. Nov. 21, 2023) (citing cases and observing that § 1367 does not authorize supplemental jurisdiction over free-standing state law claims that are related to a *separate* action over which the court has jurisdiction). Here, the claims that Buttars seeks to invoke supplemental jurisdiction over are raised in a separately filed action pending in another jurisdiction over which this Court has no jurisdiction. There is no avenue for this Court to exercise supplemental jurisdiction over the claims in the separate PRA action. *Seoul Semiconductor Co., Ltd. v. Finelite, Inc.*, 2025 WL 1262396, at *2 (9th Cir. April 24, 2025) ("We have previously explained that '[t]he phrases 'in any civil action' and 'in the action' [in 28 U.S.C. § 1367(a)] require that supplemental jurisdiction be exercised in the same case, not a separate or subsequent case.'") (quoting *Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 87 (9th Cir. 1997)).

For the reasons stated above, the motion to consolidate or relate will be denied. Respectfully, the Court finds the Order entered by Judge Clark directing Buttars to refile a new case and then seek consolidation does not control the outcome here. The posture of the case materially changed when it was removed, and the legal authorities discussed above govern this Court's jurisdiction and the decision stated herein.

## 2. Motion to Transfer Venue

Johnson Mark argues venue in this District is improper under 28 U.S.C. § 1391(b), and moves to transfer venue to the United States District Court for the District of Utah pursuant to 28 U.S.C. § 1406(a), or, alternatively, under Section 1404(a). (Dkt. 9, 13). Buttars opposes the motion, arguing venue is proper in the District of Idaho as a substantial part of the events giving rise to the claims occurred in Idaho, and because he resides in and suffered the alleged harm in Idaho. (Dkt. 10). Further, Buttars argues that transferring venue would be inconvenient to the parties and witnesses, and the public interest favors the case remaining in Idaho. (Dkt. 10). The Court finds as follows.

### A. Legal Standard

For proper venue, a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). If venue is improper, the district court where the case was filed must either dismiss the case or, if it is in the interest of justice, transfer the case to any district in which the case could have been brought. 28 U.S.C. § 1406(a). The plaintiff bears the burden to show venue is proper in the forum district. *SpeedConnect LLC v. Idaho Falls Wireless Partnership*, 960

ORDER - 7

F.Supp.2d 1114, 1124 (D. Idaho 2013) (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)).

The court may also transfer any civil action, in the interest of justice, to another district where it could have been brought for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a). Transfer of venue under Section 1404(a) is a two-step inquiry. First, the court determines whether the proposed transferee court is one where the action might have been brought. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). Second, the court balances "the plaintiff's interest in choosing a forum against the aggregate considerations of convenience and the interest of justice/fairness." *Western Watersheds Project v. National Park Servs.*, 2021 WL 5828028, at *2 (D. Idaho Dec. 8, 2021) (citation omitted). Whether to transfer venue under Section 1404(a), involves an "individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, at 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation omitted)). In making this determination, courts weigh multiple private and public factors, including: (1) plaintiff's choice of forum; (2) convenience of the parties and the witnesses; (3) ease of access to evidence; (4) familiarity with the applicable law; (5) feasibility of consolidation with other claims; (6) any local interest in the controversy; and (7) the relative court congestion and time to trial in each forum. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Jones*, 211 F.3d at 498-499 (listing eight similar factors in the context of a forum selection clause). The moving party must show transfer of venue is appropriate.

ORDER - 8

**B. Analysis**

The District of Idaho is not a proper venue for this case under any of the three categories provided in 28 U.S.C. § 1391(b). *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55-56 (2013) ("Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought" falls within one of the three categories set out in the general venue statute 28 U.S.C. § 1391.). The named defendant is not a resident of Idaho, a substantial part of the events or omissions giving rise to the claims that did not occur in Idaho, and there is a district where this action may be properly brought. 28 U.S.C. § 1391(b).

Buttars disputes the second category, maintaining that venue is proper under Section 1391(b)(2) because a substantial part of the events occurred in this District. (Dkt. 10). In support of his argument, Buttars relies on his presence in Idaho and allegations that he suffered harm in Idaho, and his assertions that the facts and claims in this case are inextricably linked to the case brought by PRA that is pending in Idaho state court. However, a careful review of the record reveals that all of the events underlying the FDCPA claims raised in this case occurred in Utah. (Dkt. 1, Complaint). Namely, Johnson Mark, while located in Utah, made telephone calls and mailed a letter to Buttars' sister in Utah. Buttars' contentions relevant to Johnson Mark acting as an agent for PRS and the separate lawsuit brought by PRS against him, do not establish that venue is proper here. The fact and existence of the separate case filed in Idaho state court by PRS seeking to collect on the same underlying debt allegedly owed by Buttars do not demonstrate a basis for venue in this District for the FDCPA claims against Johnson

ORDER - 9

Mark under any of the Section 1391(b) categories. While the underlying debt is the same in both cases, the FDCPA claims in this case arise from conduct occurring entirely in Utah. For these reasons, the Court finds the District of Idaho is not the proper venue for this case. 28 U.S.C. § 1391(b).

The Court further finds that transfer of venue to the District of Utah under Section 1406(a) is appropriate and the interests of justice. Buttars could have properly filed his case in Utah, as Johnson Mark resides in Utah and a substantial part of the events giving rise to the FDCPA claims occurred in Utah. 28 U.S.C. § 1391(b)(1), (2). Accordingly, the Court will grant the motion to transfer venue under 28 U.S.C. § 1406(a).

Alternatively, the Court finds that transferring venue to the District of Utah under Section 1404(a) is in the interest of justice. As stated above, Utah is a proper venue for this action as all of the conduct giving rise to the FDCPA claims occurred in Utah. 28 U.S.C. § 1391(b)(2). Further, weighing the private and public factors relevant to the consideration of convenience and fairness, the Court finds the District of Utah is the most convenient forum for this case. The evidence and all of the witnesses, with the exception of Plaintiff, are located in Utah. The District of Utah is practically and logistically the more convenient forum, considering the location of the majority of the potential witnesses and the evidence, as well as the availability of compulsory process for subpoenaing non-party witnesses if necessary. While Plaintiff's choice of forum is given substantial weight, the Court finds that the other public and private interest factors significantly outweigh Plaintiff's choice of forum in this case where the only connection

ORDER - 10

to Idaho is Plaintiff's presence. For these reasons, the Court finds transfer of venue under Section 1404(a) is appropriate.

## ORDER

**THEREFORE IT IS HEREBY ORDERED** as follows:

1) Plaintiff's Motion to Relate and Consolidate (Dkt. 6) is **DENIED**.

2) Defendant's Motion to Transfer Venue (Dkt. 9) is **GRANTED**.

3) The Clerk of the Court is **DIRECTED** to **TRANSFER** this action to the United States District Court for the District of Utah.

DATED: June 12, 2026

Honorable Debora K. Grasham
United States Magistrate Judge

ORDER - 11